■ In the Matter of RICHARD WINKLER, Appellant, v JOHN P. KEANE, as Superintendent of Sing Sing Correctional Facility, Respondent. [598 NYS2d 317] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Superintendent of Sing Sing Correctional Facility, dated December 28, 1989, made after a hearing, which found the petitioner guilty of misconduct and imposed punishment, the petitioner appeals from (1) a judgment of the Supreme Court, Westchester County (Rosato, J.), entered October 4, 1990, which dismissed the petition; and (2) an order of the same court, entered December 18, 1990, which denied his motion for renewal.

Ordered that the judgment and order are affirmed, without costs or disbursements.

The petitioner, an inmate at the Sing Sing Correctional

Facility, was charged with two acts of misbehavior. On a trip to the Westchester County Courthouse, a routine search revealed that the petitioner was in possession of two items of contraband, namely, a newspaper and a key. Because of the possibility that this key might be utilized to tamper with the locks on the devices employed to restrain the petitioner while travelling between the court and the prison, the key also formed the basis of a charge that he violated inmate rule 108.13 by possessing an article which gave reasonable grounds to believe that an escape was planned (see, 7 NYCRR 270.2). At a Tier III Superintendent's hearing, the charge of possession of an escape item was not sustained. Nevertheless, the petitioner was found to have violated inmate rule 113.23 by possessing two items of contraband (see, 7 NYCRR 270.2), including the key.

There is no merit to the petitioner's contention that he was denied his right to receive actual notice of the charges against him. The inmate misbehavior report served upon the petitioner clearly informed him that he was found to be in possession of two unauthorized items of property including the key. Indeed, the report prepared by the Correction Officer who conducted the search stated that "I found contraband in inmate's * * * property, consisting of one key". That the petitioner was acquitted of a charge of possession of the key as an escape item has no bearing on the fact that the key also constituted an item of contraband. The petitioner's claim that he believed that the key related only to the charge of possession of an escape item stems from his own misunderstanding of the charges rather than from any failure to give adequate notice, as the misbehavior report was properly recorded (see, 7 NYCRR 251-3.1) and served upon the petitioner (see, 7 NYCRR 254.3).

We have examined the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.